IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:25-MJ-320-DCK

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WILLIAM STANLEY, HEATHER MORROW, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant Heather Morrow's "Motion For Discovery And For An Order Requiring The Government To Request And Preserve Brady Material" (Document No. 6) filed December 8, 2025. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will deny the motion as moot.

By the instant motion, Defendant Heather Morrow ("**Morrow**") "moves this Court to order Government witnesses to preserve evidence, to produce it to the Government, and for the Government to produce it to the Defense" or "for an order commanding the Government to order Government witnesses to preserve the evidence and turn it over to the prosecution." (Document No. 6, p. 1). At Morrow and Defendant William Stanley's ("**Stanley**") initial appearances, Stanley joined in the motion. (Minute Entry, Dec. 17, 2025).

Morrow and Stanley argue that Morrow "voluntarily provided the Government with a video recorded by a bystander[, which] proved" the Government's theory of the case was false. (Document No. 6, p. 1). Morrow and Stanley argue since "the inconsistencies in the bystander

1

video with the sworn affidavit by federal law enforcement show a likelihood of collusion, a preservation order is necessary to prevent the possible destruction of exculpatory evidence." (Id.) At the time the motion was filed, defense counsel had requested preservation of evidence, but had not received a response from the Government. (Id. at 1–2).

At the date of the initial appearance, the Government had not filed a response to the motion, and the undersigned instructed the Government to do so promptly. Because the Government had still not responded, on December 22, 2025, the undersigned entered an Order directing the Government to file a response to the motion. (Document No. 19). On January 6, 2026, the Government filed the "Government's Response To Motion For Discovery And Order To Request And Produce Brady Material" (Document No. 20).

In its response, the Government explained "the United States intends to fulfill its discovery obligations, and it will request and produce *Brady* material as required by applicable law." (Id. at 1). The Government represented it produced case discovery to Stanley and Morrow on December 23, 2025, and "is aware that its discovery obligations are ongoing." (Id.) The Government also "contacted the agency for whom the Deportation Officers work, and it requested that their electronic communications and other material evidence be preserved so that they can be produced if necessary." (Id.) The Government further represented that upon information and belief "no evidence has been deleted or destroyed." (Id.) The Government has also "contacted Immigration and Customs Enforcement/Enforcement and Removal Operations (ICE/ERO) personnel about obtaining surveillance camera footage that allegedly shows the defendants and other persons arriving at and walking around grounds of the ICE/ERO building before they encountered the Deportation Officers . . ." but the Government had not obtained that footage yet. (Id. at 1–2).

Based on the Government's representations, the Court finds that the Government has requested to preserve the relevant evidence, and therefore the requested relief is moot. However, the Court respectfully reminds the Government of its ongoing discovery obligations. Brady v. Maryland, 373 U.S. 83 (1963). The Government is further reminded that failure to disclose exculpatory evidence in a timely manner may result in the exclusion of evidence, dismissal of charges, contempt proceedings, disciplinary actions, or other sanctions, as may be appropriate. Id. Accordingly, the Government must produce consistent with applicable law and the Federal Rules of Criminal Procedure any footage and/or other materials it requested, once received, to both Stanley and Morrow.

**IT IS, THEREFORE, ORDERED** that Defendant Heather Morrow's "Motion For Discovery And For An Order Requiring The Government To Request And Preserve Brady Material" (Document No. 6) is **DENIED as MOOT**.

**IT IS FURTHER ORDERED** that this Court's Standard Criminal Discovery Order shall be entered. The Clerk of Court is respectfully directed to enter that order on the docket.

**SO ORDERED**.

Signed: January 16, 2026

David C. Keesler
United States Magistrate Judge