IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA vs. HEATHER MORROW | Case Number: 3:25MJ320 |
|---|---|

## MOTION FOR ORDER ALLOWING THE DEFENSE TO ISSUE RULE 17 SUBPOENAS

Heather Morrow requests that the Court issue an order allowing the issuance of the attached subpoenas and order that the Government to assist with service. This motion is made pursuant to Fed.R.Crim.P. 17 and the Sixth Amendment to the United States Constitution.

Counsel requests to issue subpoenas to DHS employees involved in the prosecution of Defendant's case, and to the appropriate custodian of records, commanding that records of electronic communications be produced, as well as other evidence. She shows as follows:

1. Heather Morrow is charged with assorted misdemeanors stemming from an incident occurring on November 17, 2025, at the Charlotte Deportation Office.
2. On December 8, 2025, Morrow filed a motion seeking various discoverable items under Fed. R. Crim. P. 16(a)(1)(E)(1) based on concerns that evidence would be destroyed. In her motion, Morrow laid out how statements given to the FBI to obtain an arrest warrant were false, and reasons why the sought-after material was particularly relevant.
3. On January 6, 2026, the Government filed a response noting that it had requested all sought-after information from ICE, and requested that it be preserved.
4. Thereafter the Court dismissed the motion as moot.
5. Following various requests for followup, the Government stated that it had not been successful so far in obtaining the information from ICE, and that it would keep working to do so.
6. The Defense believes the United States Attorney's Office is diligently working to comply with its obligations, but it is concerned regarding the lack of response from ICE, and believes Court intervention is necessary to ensure evidence is preserved and produced.
7. At this point, even if ICE produces to the Government, the Defense is concerned that ICE will treat the lack of an order to produce as leeway to produce in accordance with what it unilaterally believes is appropriate.
8. Disturbing recent agency decisions reinforce this concern:
    a. "There has been an undeniable move by the Government in the past month to defy court orders or at least to stretch the legal process to the breaking point." *Marco M. v. Bondi,* No. 25-CV-4816, Doc. 11 (D.MN, 2026) (J. Davis);
    b. "Based on the current record it seems clear that the Court can conclude that

the Respondents willfully violated two of this Court's orders and willfully misrepresented facts to the Court." *Neto v. Hyde,* Case No. 25-00425, Doc. 23 (D.RI, 2026) (J. McElroy);

 c. "ICE has likely violated more court orders in January 2026 than some federal agencies have violated in their entire existence." Case No 26-CV-107 (D.MN, 2026) (Chief J. Schlitz).[1]

9. Additionally, because of the roving nature of agents during various deportation operations, the Defense requests that the Court order the Government to assist in serving subpoenas.

10. The Defense will comply with *Touhy* regulations and encloses as an additional exhibit the *Touhy* letter it will issue to ICE. Not all communications sought require *Touhy* protocol.

- **Legal Argument**

11. "Rule 17(c) implements the Sixth Amendment guarantee that an accused have compulsory process to secure evidence in his favor." *In re: Martin Marietta Corp.,* 856 F.2d 619, 621 (4th Cir., 1988).

12. Under Rule 17(c) a criminal defendant "may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim. P. 17(c)(1). The Rule permits a court to order production at a time and place "prior to the time when they are offered in evidence." Fed.R.Crim.P. 17(c). *See, e.g., Bowman Diary Co. v. United States,* 341 U.S. 214, 220 (1951) ("Rule 17(c)'s chief innovation" is to "expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials."); *See also, United States v. Beckford,* 964 F.Supp. 1010, 1020 (E.D.Va. 1997). Moreover, Rule 17(c) allows for issuance of subpoenas at any stage of a case. *See United States v. Llanez-Garcia,* 735 F.3d 483, 493 (5th Cir., 2013) ("'Rule 17 is not limited to subpoenas for the trial,'" and "a subpoena may be issued for … a post-trial motion.") (quoting 2 Charles Alan Wright, et. al., Federal Practice and Procedure § 272 (4th ed.)).

13. To protect a party on the receiving end of the subpoena, Rule 17(c) enables the court to "quash or modify the subpoena if compliance would be unreasonable or oppressive." *Llanez-Garcia* at 493-94 (quoting Rule 17(c)(2)).

14. "The use of a *motion* as the procedural means for invoking the court's discretion in advance of issuance of a pre-trial subpoena duces tecum 'is an

---

[1] Media reports quote ICE attorney Julie Le as telling a federal judge that "it takes 10 emails from me for a release condition to be corrected. It takes me threatening to walk out for something else to be corrected." "Government Attorney Who Told Judge in ICE Case, 'This Job Sucks,' Removed from Detail." NBC News, Feb. 4, 2026 (available at: https://www.nbcnews.com/politics/justice-department/attorney-government-tells-judge-ice-case-job-sucks-rcna257349).

orderly and desirable procedure and one frequently followed.'" *Beckford* at 1021 (quoting 2 Wright at 154).[2]

15. The Defense notified the Government of its intent to file this motion on Thursday, February 5, 2026.

The Defense asks Court to issue an order permitting the Defense to issue the subpoenas included as exhibits to the motion.

This, the 9th day of February, 2026.

Respectfully submitted,

s/ W. Rob Heroy
Attorney for Defendant
NC State Bar #35339
Goodman Carr PLLC
301 S. McDowell St., #602
Charlotte, NC 28204
Phone 704-372-2700
RHeroy@goodmancarr.net

---

[2] Jurisdictions are split on whether or not court involvement is required, or whether an attorney may issue and serve the subpoena without court involvement. *See, e.g. United States v. Urlacher,* 136 F.R.D. 550, 554 (W.D.N.Y., 1991). However, in light of the split, Defendant seeks court approval in order to err on the side of caution.

## CERTIFICATE OF SERVICE AND AI COMPLIANCE

The Defense certifies that it uploaded the above document to ECF, which will provide notification to all parties. It also certifies that the motion was drafted by a human without AI assistance.

This, the 9th day of February, 2026,

                                               s/ W. Rob Heroy
                                               Attorney for Defendant
                                               NC State Bar #35339
                                               Goodman Carr PLLC
                                               301 S. McDowell St., #602
                                               Charlotte, NC 28204
                                               Phone 704-372-2700
                                               RHeroy@goodmancarr.net