IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:25MJ320-DCK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | GOVERNMENT'S RESPONSE TO |
| v. | ) | RULE 41(g) MOTION TO RETURN |
| | ) | VEHICLE KEY AND RALLY ITEMS |
| HEATHER MORROW | ) | |
| | ) | |

The United States of America, by and through Dallas J. E. Kaplan, Attorney for the United States Pursuant to 28 U.S.C. § 515, responds to defendant Morrow's Rule 41(g) to Return Vehicle Key and Rally Items (Motion—Document 21). In general, the United States does not dispute the procedural and factual background in the defendant's Motion. However, several points of contention exist and are listed below. In support of its response, the government respectfully asserts:

1. As a preliminary matter, the United States does not possess the vehicle key or "rally items" – a bullhorn, two bowls, a spoon, and a shower ring-type item – that Morrow claims are missing. Thorough searches have been conducted at the ICE facility, but no one has located them. On November 16, 2025, after Morrow's arrest, her personal items – except for the noted missing objects -- were taken from the ICE office to the FBI office and photographed, as shown in Exhibit 1. These items included a vehicle key for a Subaru, the type of car associated with Morrow. However, the defendant has stated that another Subaru key was present during the encounter at the ICE facility that day and is now missing. It should be noted that someone went to the ICE facility with a Subaru key that allowed that person to drive Morrow's vehicle from the ICE facility to another location that day. On November 17, 2025, as shown in Exhibit 2, an FBI Special Agent gave Morrow's property to her attorney and gave him a receipt.

1

2. The vehicle key will be returned to the defendant if it is located. On the other hand, the "rally items" are related to the criminal offenses charged and may be used as evidence. "A Rule 41(g) motion is properly denied if the [movant] is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture[,] or the government's need for the property as evidence continues." *Bullock v. United States*, 176 F.Supp.3d 517, 523 (M.D.N.C. 2016)(civil case interpreting Rule 41(g); cleaned up).

3. Though the defendant labels the bullhorn, two bowls, a spoon, and a shower ring-type object as "rally items," the more accurate description for them is "protest items." Morrow and perhaps others used them to engage in obstructive behavior and disrupt Deportation Officers reporting for work and giving them instructions to leave the ICE premises. These actions and the items used are relevant to the first three charges in the Bill of Information: Count One – Obstructing the Use of Entrances on Federal Property; Count Two -- Impeding and Disrupting Performance of Official Duties of Government Employees; and Count Three – Failure to Comply with Lawful Direction of Authorized Individual. Therefore, if ICE should locate the "rally items" before these criminal proceedings are concluded, the government requests that it be allowed to use them during the trial.

RESPECTFULLY SUBMITTED this the 23rd day of February 2026.

DALLAS J. E. KAPLAN
ATTORNEY FOR THE UNITED STATES
PURSUANT TO 28 U.S.C. § 515
/s/ Kenneth Smith
Assistant United States Attorney
United States Attorney's Office
Western District of North Carolina
North Carolina Bar Number 17934
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
Telephone: (704) 344-6222
E-mail: Kenny.Smith@usdoj.gov

## ARTIFICIAL INTELLIGENCE CERTIFICATION

Pursuant to the Standing Order of this Court entered June 18, 2024, and published to the Bar of the Western District on June 27, 2024, the undersigned hereby certify that:

1. No artificial intelligence was employed in doing the research for the preparation of this document, except for such artificial intelligence embedded in the standard online legal research sources such as Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Dated: February 23, 2026

DALLAS J. E. KAPLAN
UNITED STATES ATTORNEY
/s/ Kenneth M. Smith
Assistant United States Attorney