IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:25MJ320-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | GOVERNMENT'S RESPONSE TO |
| v. ) | MOTION ALLOWING THE DEFENSE |
| ) | TO ISSUE RULE 17 SUBPOENAS |
| ) | |
| HEATHER MORROW ) | |
| ) | |

      The United States of America, by and through Dallas J. E. Kaplan, Attorney for the United States pursuant to 28 U.S.C. § 515, responds to defendant Morrow's Motion Allowing the Defense to Issue Rule 17 Subpoenas (Motion—Document 28). The government does not oppose the motion allowing Morrow to issue Rule 17 subpoenas, but it opposes the defendant's request that the government serve subpoenas on agents and a custodian of records for which the defendant has already obtained their addresses. In support of its response, the government respectfully asserts:

      1.      As a general matter, under Rule 17(c), criminal defendants like Morrow can pursue subpoenas seeking documents or testimony so long as the requests pass the tests of relevancy, admissibility, and specificity and do not constitute a "fishing expedition." *United States v. Rajaratnam*, 753 F.Supp.2d 317, 320 (S.D.N.Y. 2011). *See generally United States v. Nixon*, 418 U.S. 683, 699, 94 S. Ct. 3090 (1974). Moreover, Rule 17(c) is not a discovery device in addition to Rule 16, but it is a mechanism to expedite criminal trials. *United States v. Nix*, 251 F.Supp.3d 555, 563 (W.D.N.Y. 2017). After reviewing the defendant's subpoena requests, and considering current circumstances raised in the Motion, the United States does not oppose the issuance of the subpoenas.

      2.      In this instance, Morrow wants to serve subpoenas on the Custodian of Records for the Department of Homeland Security (DHS) and four Deportation Officers who work for DHS.

1

This agency, like other federal agencies, requires persons like Morrow to comply with *Touhy*[1] regulations that control how subpoenas are handled. *See, e.g., United States v. Soriano-Jarquin*, 492 F.3d 495, 504-05 (4th Cir. 2007); *Donatoni v. Department of Homeland Security,* 184 F.Supp.3d 285, 286 (E.D.Va. 2016)(requiring defendant to following DHS *Touhy* regulations). In the Fourth Circuit, these agency decisions are reviewed under an arbitrary-and-capricious standard. *COMSAT Corp. v. National Science Foundation*, 190 F.3d 269, 277 (4th Cir. 1999).

RESPECTFULLY SUBMITTED this the 23rd day of February 2026.

DALLAS J. E. KAPLAN
ATTORNEY FOR THE UNITED STATES
PURSUANT TO 28 U.S.C. § 515
/s/ Kenneth Smith
Assistant United States Attorney
United States Attorney's Office
Western District of North Carolina
North Carolina Bar Number 17934
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
Telephone: (704) 344-6222
E-mail: Kenny.Smith@usdoj.gov

---

[1] *U.S. ex. Rel. Touhy v. Ragen*, 340 U.S. 462, 71 S. Ct. 462 (1951).

## ARTIFICIAL INTELLIGENCE CERTIFICATION

Pursuant to the Standing Order of this Court entered June 18, 2024, and published to the Bar of the Western District on June 27, 2024, the undersigned hereby certify that:

1. No artificial intelligence was employed in doing the research for the preparation of this document, except for such artificial intelligence embedded in the standard online legal research sources such as Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Dated: February 23, 2026

DALLAS J. E. KAPLAN<br>
ATTORNEY FOR THE UNITED STATES<br>
/s/ Kenneth M. Smith<br>
Assistant United States Attorney