IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:25-MJ-320-DCK

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WILLIAM STANLEY, HEATHER MORROW, | ) | |
| | ) | |
| **Defendants**. | ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant Heather Morrow's "Motion For Order Allowing The Defense To Issue Rule 17 Subpoenas" (Document No. 28) filed February 9, 2026. Having carefully considered the motion and the record, the undersigned will grant the motion.

According to Federal Rule of Criminal Procedure 17(c)(1):

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

A party moving for issuance of a subpoena under Rule 17(c) must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general fishing expedition.

United States v. Nixon, 418 U.S. 683, 699–700 (1974) (internal citations omitted) (noting also that three hurdles must be cleared: (1) relevancy; (2) admissibility; and (3) specificity).

1

> Under 5 U.S.C. § 301, "commonly known as the 'Housekeeping Statute,' federal agencies are granted authority to prescribe regulations governing the agency, including regulations for 'the custody, use, and preservation of its records, papers, and property.'" United States v. Williams, 170 F.3d 431, 433 (4th Cir. 1999) (quoting 5 U.S.C. § 301). In United States ex rel. Touhy v. Ragen, 340 U.S. 462, 466–68 (1951) ("Touhy"), the Supreme Court recognized the validity of a Department of Justice ("DOJ") order that restricted the disclosure of information pursuant to the Housekeeping Statute. In so holding, the Supreme Court observed that "[w]hen one considers the variety of information contained in the files of any government department and the possibilities of harm from unrestricted disclosure in court, the usefulness, indeed the necessity, of centralizing determination as to whether subpoenas duces tecum will be willingly obeyed or challenged is obvious." Id. at 468. The term "Touhy regulations" thus "refer[s] to the processes for requesting official information from U.S. government agencies in court proceedings" pursuant to rules promulgated by federal agencies governing disclosure of such information. Iovino v. Michael Stapleton Assocs. Ltd., 2024 WL 3520170, at *1 (W.D. Va. July 24, 2024), appeal dismissed, 2025 WL 2269780 (4th Cir. Apr. 16, 2025). "Touhy requests" refer to the discovery requests made under those regulations.

Smith v. Fed. Bureau of Investigation, 2026 WL 91607, at *2 (D. Md. Jan. 13, 2026).

On November 24, 2025, a Bill of Information was filed, charging Defendant Heather Morrow ("**Defendant**") with: 1) obstructing the use of entrances on federal property, in violation of 40 U.S.C. § 1315, 41 C.F.R. § 102-74.365, 41 C.F.R. § 102-74.390(b), 41 C.F.R. § 102-74.450, and 18 U.S.C. § 2; 2) impeding and disrupting performance of official duties of government employees, in violation of 40 U.S.C. § 1315, 41 C.F.R. § 102-74.365, 41 C.F.R. § 102-74.390(c), 41 C.F.R. § 102-74.450, and 18 U.S.C. § 2; 3) failure to comply with lawful direction of authorized individual, in violation of 40 U.S.C. § 1315, 41 C.F.R. § 102-74.365, 41 C.F.R. § 102-74.385, 41 C.F.R. § 102-74.450, and 18 U.S.C. § 2; and 4) assaulting, resisting, opposing, impeding, intimidating, and interfering with persons performing official duties, in violation of 18 U.S.C. § 111(a)(1) and 18 U.S.C. § 2. (Document No. 1). Defendant had her initial appearance on December 17, 2025. (Minute Entry, Dec. 17, 2025).

By the instant motion, Defendant requests that the Court authorize the issuance of a subpoena, as set forth in the Proposed Subpoena (Document No. 28-1), pursuant to Rule 17 of the Federal Rules of Criminal Procedure, on the Department of Homeland Security for certain records related to Defendant. (Document No. 28).

Defendant previously sought this information and similar information in an earlier motion. (Document No. 6). In response to that earlier motion, the Government explained it "contacted the agency for whom the Deportation Officers work, and it requested that their electronic communications and other material evidence be preserved so that they can be produced if necessary." (Document No. 20, p. 1). The Government represented that upon information and belief "no evidence has been deleted or destroyed." (Id.) The Government also explained it "contacted Immigration and Customs Enforcement/Enforcement and Removal Operations (ICE/ERO) personnel about obtaining surveillance camera footage that allegedly shows the defendants and other persons arriving at and walking around grounds of the ICE/ERO building before they encountered the Deportation Officers . . ." but the Government had not obtained that footage yet." (Id. at 1–2). Based on the Government's representations, the Court issued an Order (Document No. 23), finding Defendant's requested relief moot, because the Government had requested to preserve the relevant evidence and would produce it when received because "its discovery obligations are ongoing." (Document No. 20, p. 1). However, to date, it appears the Department of Homeland Security has not provided this information to the Government.

In the instant motion, Defendant explains while she believes the Government "is diligently working to comply with its obligations," the "Government stated that it had not been successful so far in obtaining the information from ICE[.]" (Document No. 28, p. 1). Defendant explains she "will comply with *Touhy* regulations" and not "all communications sought require *Touhy*

3

protocol." (Id. at 2). Defendant also "requests that the Court order the Government to assist in serving subpoenas." (Id.)

On February 26, 2026, the Court held a hearing and heard argument regarding this motion. (Minute Entry, Feb. 26, 2026). At the hearing, Defendant and the Government explained they both agree to the U.S. Marshals Service serving a subpoena. Also at the hearing, counsel for Defendant represented Defendant is unable to pay the cost of service of the requested subpoena.

Upon preliminary review, the Court finds Defendant has demonstrated that the records described in the motion are relevant and may be admissible. The Court further finds the motion has been made in good faith, the requested records cannot otherwise be procured through reasonable due diligence, and the materials requested are specific to the allegations. Additionally, the Court finds if Defendant is unable to obtain the information sought, then her ability to evaluate her case, prepare her defense for trial, and engage in plea negotiations could unreasonably delay the trial. Accordingly, the Court will grant Defendant's request for issuance of a subpoena under Rule 17. To the extent process costs and witness fees are generated, such costs and fees should be paid in the same manner as if the subpoena had been issued by the Government. Fed. R. Crim. P. 17(b).

**IT IS, THEREFORE, ORDERED** that Defendant Heather Morrow's "Motion For Order Allowing The Defense To Issue Rule 17 Subpoenas" (Document No. 28) filed is **GRANTED**.

**IT IS FURTHER ORDERED** that the Proposed Subpoena (Document No. 28-1), and Defendant's proposed Touhy letter (Document No. 28-2) shall be issued to the Department of Homeland Security and served by the U.S. Marshals Service in accordance with Rule 17(d).

**IT IS FURTHER ORDERED** that the process costs and witness fees in connection with the subpoena shall be paid as if subpoenaed on behalf of the Government, the Court being satisfied

that Defendant is financially unable to pay the fees and expenses in connection with this Subpoena, and that the issuance of the subpoena is necessary for an adequate defense.

**SO ORDERED**.

Signed: March 2, 2026

David C. Keesler
United States Magistrate Judge