# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CASE NO. 3:25-MJ-320-MEO-DCK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WILLIAM STANLEY, HEATHER MORROW, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant Heather Morrow's "Motion To Seal" (Document No. 53) filed July 30, 2026, and Defendant Heather Morrow's "Amended Motion To Seal" (Document No. 54) filed July 30, 2026. These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motions and the record, the undersigned will respectively <u>deny</u> and <u>grant</u> the motions.

Defendant Heather Morrow seeks to file certain exhibits accompanying her motion to dismiss under seal. (Document Nos. 53, 54). Defendant makes her motion "based on the Court's standing discovery order which prohibits Defendant from publicly disseminating discovery." (Document Nos. 53, 54).

A party who seeks to seal any pleading must comply with the Local Rules of this Court. "Motions to seal a particular [criminal] pleading or any portion thereof and orders disposing of such motions are governed by the requirements for sealing provided by LCvR 6.1, incorporated herein by reference." LCrR 49.1.1 (a).

Local Civil Rule("LCvR") 6.1 provides in relevant part as follows:

**LCvR. 6.1    SEALED FILINGS AND PUBLIC ACCESS.**

1

**(a)** *Scope of Rule*. To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed. This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision-making. As used in this Rule, "materials" includes pleadings and documents of any nature and in any medium or format.

**(b)** *Filing under Seal*. No materials may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.

**(c)** *Motion to Seal or Otherwise Restrict Public Access*. A party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:

> **(1)** A non-confidential description of the material sought to be sealed;
> **(2)** A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
> **(3)** Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and
> **(4)** Supporting statutes, case law, or other authority.

LCvR 6.1.

Having considered LCvR 6.1(c) and LCrR 49.1.1, and the record of this case, the Court will allow Defendant's motion. Noting that the time for public response has not run to this motion, the Court will consider any objection to this Order from non-parties as an objection to the motion, requiring no additional burden for any non-party under the Federal Rules of Civil Procedure. See LCvR 6.1(e).

**IT IS, THEREFORE, ORDERED** that:

2

1.  Defendant Heather Morrow's "Motion To Seal" (Document No. 53) is **DENIED as MOOT**.

2.  Defendant Heather Morrow's "Amended Motion To Seal" (Document No. 54) is **GRANTED**.  Document Nos. 56, 56-1, 56-2, and 56-3 shall be **SEALED** and remain under **SEAL** until otherwise ordered by this Court.

**SO ORDERED**.

Signed: August 3, 2026

David C. Keesler
United States Magistrate Judge

3