# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| V. | : | Case No.: **3:25-MJ-00320** |
| WILLIAM STANLEY, | : | |
| HEATHER MORROW | : | |
| | : | |

### Defendant Morrow's Response to Government's Motion to Preclude Evidence

The Government describes the upcoming trial as a case for the application of straightforward facts. It could have been so, but that is no longer the case. Mark Twain said, "if you tell the truth, you don't have to remember anything."

ICE agents made false statements to FBI agents. The FBI, in turn, sought and obtained a felony criminal complaint in reliance on false statements. The agent swore to the truth of that statement. The Defense anticipates that ICE agents will advance a different narrative at trial. In addition, ICE agents, despite warnings from the FBI and Government attorneys, destroyed or allowed to be destroyed video evidence of the encounter.

Our Government's agents caused Morrow to spend a weekend in jail on the basis of bogus felony charges and echoed those false statements to the media. Juries and federal courts are the ultimate bulwark in protecting the rights of Americans. The Defense is entitled to lay out the Government's

previous statements, and its other prejudicial actions, as substantive evidence and for impeachment.

## Factual Background

After Customs & Border Patrol announced, "Operation Charlotte's Web," an immigration enforcement operation of the Federal Administration, a rally took place on Sunday November 16, 2025, at a public driveway next to the DHS Charlotte Office, located at 6130 Tyvola Centre Drive. People with firmly held beliefs in the wrongfulness of their government's actions gathered to redress the grievances. They were armed only with a megaphone, a dog bowl, shower rings, pots, and signage.

As we all now know, things devolved rapidly following the arrival of ICE. Deportation agents arrested Morrow and Stanley and transferred their custody to the FBI. Stanley was released at a public park that same day, while Morrow was detained overnight in federal custody at the Gaston County Jail. On November 17, 2025, the Government charged Morrow by criminal complaint with a felony violation of 18 U.S.C. § 111(a)(1) for the November 16 incident, giving rise to case 3:25-MJ-305. The complaint contained false statements, and agents failed to preserve evidence.

The Government began a media campaign against Morrow. On November 18, 2025, before the complaint was unsealed, the Department of

Justice widely disseminated a press release[1] with false accusations against her. The following day, the Department of Justice published the press release on its website.[2] At the same time, a flurry of emails provided in discovery gave escalating accounts of Morrow and Stanley's conduct.

As a courtesy, the Defense provided the Government with video that contradicted the contents of the complaint prior to a preliminary hearing. In spite of the hoopla it used the media to create, the Government moved to dismiss the complaint.

The Government then charged Morrow and Stanley by bill of information for the same November 16 incident, giving rise to this case. Count 4 alleges a misdemeanor violation of 18 U.S.C. § 111(a)(1).

## I.    The Previously Dismissed Complaint is admissible evidence:

The complaint is admissible as the statement of a party-opponent. It is relevant as impeachment evidence given the various accountings of the same incident made by Government agents.

### A. The complaint is an admissible party-opponent statement.

---

[1] *Exhibit A,* November 18, 2025, Press Release.

[2] U.S. Attorney's Office, Western District of North Carolina, *Charlotte Woman Charged With Assaulting Federal Officer*, U.S. Department of Justice, Nov. 19, 2025 (accessed on Aug. 2, 2026, at https://www.justice.gov/usao-wdnc/pr/charlotte-woman-charged-assaulting-federal-officer).

The Government, a party to this case, adopted the criminal complaint and the statements it contains. Fed. R. Evid. 801(d)(2) provides that statements of party-opponents are admissible. The rule provides, in relevant part,

> (2) Admission by party-opponent. The statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, or (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy.

The criminal complaint is the Government's own statement. It was used as a basis to arrest Morrow and charge her with a felony criminal offense. The Defense may introduce it into evidence or otherwise use it to impeach or cross-examine a witness. *See United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996) ("Admissions by a party-opponent are not considered hearsay and therefore can be admitted against that party. Fed. R. Evid. 801(d)(2)."). "If [the defendant] can lay a foundation for the statements, they are admissible over any hearsay objection because [the government witness] made them in her capacity as a government official on matters within the scope of her employment, and as such, the statements are of a party-opponent and therefore

not hearsay. *See* Fed. R. Evid. 801(d)(2)(D)." *United States v. Barile*, 286 F.3d 749, 758 (4th Cir. 2002).

Other circuits have reached similar conclusions. "A prior inconsistent bill of particulars may be considered an admission by the government in an appropriate situation, and may therefore be admissible under Rule 801(d)(2) of the Federal Rules of Evidence." *United States v. McPartland,* 81 F.4th 101, 122 (2nd Cir. 2023) (internal citation omitted). "The Federal Rules clearly contemplate that the federal government is a party-opponent of the defendant in criminal cases…the Justice Department certainly should be considered such." *United States v. Kattar*, 840 F.2d 118, 130 (1st Cir. 1988) (internal citation omitted). *See also, United States v. Gossett*, 877 F.2d 901, 906 (11th Cir. 1989) ("The Government is the party opponent of both defendants.").

### B. The Criminal Complaint is Plainly Relevant.

The complaint could not be more relevant. The "basic standard of relevance . . . is a liberal one." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587 (1993). The complaint was affirmed by a Government agent under oath and has a strong "tendency to make a fact more or less probable than it would be without the evidence," because in that complaint, the Government laid outs its version of the events in question. Given that a new version of events has arisen, the complaint squarely challenges the deportation agents' recollection and credibility. F.R.E. 401. *See also, United States v. Fernandez*, 913 F.2d 148,

154 (4th Cir. 1990) (reversal required where district court excluded relevant classified evidence. Forcing "the defendant to use abbreviated and lifeless substitutions for this crucial evidence," was error.).

The Government's argument that a misdemeanor accusation under 18 U.S.C. §111(a)(1) has "distinct elements" from a felony accusation under the very same statute also fails. The misdemeanor federal assault Morrow is charged with contains all the same elements as the felony assault charged in the now-dismissed complaint under the *Blockburger* test. All elements of the former are present in the latter.

Finally, the dismissed complaint is "of consequence" for this case, because it offers essential background. "Evidence which is essentially background in nature can scarcely be said to involve disputed matter, yet it is universally offered and admitted as an aid to understanding." F.R.E. 401 Advisory Committee's Note. Background facts "routinely are admitted to help the fact finder understand the issues in the case and the evidence introduced to prove or disprove them." *Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 540 (Md. 2007).

### C. Admission of the Complaint filed by the Government would not cause Undue Prejudice.

The Government contends that admission of the complaint would stand to prejudice its position. Perhaps it is correct. After all, the complaint lays out

false statements adopted by a number of ICE agents, and affirmed under oath by a FBI Special Agent. However, just as in the case of a defendant who objects to the admission of a confession because it is prejudicial to him or her, the mere existence of prejudice does not make evidence unduly prejudicial.

Rule 403 "only requires suppression of evidence that results in unfair prejudice—prejudice that damages an opponent for reasons other than its probative value, for instance, an appeal to emotion, and only when that unfair prejudice substantially outweighs the probative value of the evidence." *United States v. Mohr*, 318 F.3d 613, 619-20 (4th Cir. 2003) (internal citation omitted); *see also Old Chief v. United States*, 519 U.S. 172, 180 (1997) (unfair prejudice "speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged.").

The complaint is probative *because* it reflects a weakness in the government's case. "Because the evidence sought to be excluded under Rule 403 is concededly probative, the balance under Rule 403 should be struck in favor of admissibility, and evidence should be excluded only sparingly." *United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996).

The Government is free to address any prejudice through examination of Defense witnesses or its own witnesses. *See, e.g., United States v. Contreras*,

149 F.4th 349, 364 (4th Cir. 2025) ("Any prejudice was mitigated by defense counsel's opportunity to cross-examine the relevant witnesses.").

### D. The Government's Caselaw Does not Support exclusion in this scenario.

The caselaw cited by the Government fails address the scenario presented in this case—that the Government previously charged this same Defendant with a related criminal offense based on the same conduct.

*United States v. Benson,* the sole Fourth Circuit case cited by the Government on this issue, cannot support a Court order to exclude "[a]ny evidence of, argument about, or reference to the dismissed federal complaint." Govt. Br. At 6. *Benson* did not address a previously-dismissed federal complaint. It did not even address a federal charge. It discussed the propriety of the Defense misleading the jury by arguing that it should weigh the importance of the dismissal of the defendant's **state** murder charges. *United States v. Benson*, 957 F.3d 218, 236 (4th Cir. 2020) ("Next, we consider Benson's argument that the district court improperly charged the jury to ignore the 2010 dismissal of his state charges."). Even there, evidence of the prior charge *was* admitted into evidence at trial: "During trial, a former detective testified that the state charges brought against Benson in connection with the murder were dismissed." *Id.*

In its other case, *United States v. Bingham,* 653 F.3d 983, 999 (9th Cir. 2011), the court excluded evidence of an indictment of a *different individual.*

### E. Common Ground and Remedies.

The Defense agrees with the Government that its decision to dismiss the criminal complaint is within the purview of the Government. Therefore, solicitation evidence of why the complaint was dismissed is not relevant and would be improper.

However, introduction of the complaint itself is not verboten. The Government's caselaw falls short of explaining why a blanket exclusion of relevant evidence would constitute unfair prejudice.

If the Government is concerned that the jury will give improper consideration to the dismissal of the complaint, "cautionary instructions, which we can assume the jury obey[] given no proof to the contrary, decrease[]—if not eliminate[]—any risk of unfair prejudice from the admission of the challenged evidence." *United States v. Ebert,* 61 F.4th 394, 404 (4th Cir. 2023)

### II. Self-Serving Hearsay:

The Defense agrees that such evidence is improper. However, if the Government intends to introduce portions of a defendant's statements, the Defense is entitled to introduce the full statement. Fed. R. Evid. 106 states:

> If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at

the same time. *The adverse party may do so over a hearsay objection.*

(Emphasis supplied). If the government presents a fragment, Morrow would be entitled to have her complete statement admitted.

If the Government introduces news media capturing Defendants' statements, it is required to produce the entirety of any video or audio recording. F.R.E. 1002-1003. The introduction of a spliced duplicate would not be admissible because it would just capture trimmings or highlights created by media personnel. *See, e.g., Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 583 (D.Md. 2007) ("when counsel intend to offer electronic evidence at trial . . . they must determine whether the original writing rule is applicable, and if so, they must be prepared to introduce an original, a duplicate original, or be able to demonstrate that one of the permitted forms of secondary evidence is admissible.")

### III. Improper Character Evidence:

The Government is correct on this issue.

### IV. The Government's Request for Limitations on Cross-Examination of Witnesses through Statements of Government Agents:

#### A. *The Defense May Impeach with 302's.*

The Defense disagrees with the Government. The Defense should be permitted to cross-examine witnesses with 302's prepared by FBI agents or

other reports.  The Defense, or the Government, may display and discuss statements to the witness as prior inconsistent statements.  As discussed below, the Fourth Circuit has indicated that, under some circumstances, he may even have the interview memoranda admitted.

The Supreme Court's decision in *Palermo* is cited by the Government for the conclusion that such statements are not inadmissible for impeachment. *Palermo v. United States*, 360 U.S. 343, 350 (1959).  Their citation is not appropriate.  *Palermo* has nothing to do with the rules of evidence governing impeachment.  Instead, it addresses *Jencks* material and the rules regulating the Government's requirements to produce evidence in discovery. *Id.* at 350.

*Palermo* does not come anywhere close to holding that a witness cannot be cross-examined using a law enforcement officer's statement.  The Government's conclusory quote is picked from a paragraph that discusses the legislative history of the Jencks Act and the ***feelings*** of committee members. Nowhere does the opinion limit the use of Government memoranda once they have been produced.

The Government offers two other opinions in support of restricting use of MOIs for impeachment, *United States v. Almonte,* 956 F.2d 27, 29 (2nd Cir., 1992) and *United States v. Jordan*, 316 F.3d 1215, 1252 (11th Cir. 2003). *Almonte's* holding is narrower than the premise.  *Almonte* holds that "in the absence of endorsement by the witness, a third party's notes of a witness's

statement may not be admitted as a prior inconsistent statement unless they are a verbatim transcript of the witness's own words." *Id.* The issue is the ability to admit the evidence, not to use it for impeachment. *Jordan* dealt with whether the Government was required to produce a statement under *Jenks,* not its admission or use at trial.

The Government fails to address Fourth Circuit law on this issue. *United States v. Barile*, 286 F.3d 749, 757 (4th Cir. 2002) is the only controlling, on point authority in the briefing of this issue. That opinion suggests that memoranda prepared by government agents could not be "***admissible*** as impeachment evidence" because they are statements of a third party and not the witness, unless the witness adopts them. *See id.* (emphasis supplied). It does not say that the statements cannot be shown to the witness and discussed with them.

Moreover, *Barile* suggests that the memoranda could actually be admitted if there was evidence in the record that the witness "adopted the statements or… they can otherwise be attributed to her," leaving the door open even for actual admission of the memoranda. *Id.*

### B. The Defense May Impeach through other means.

Although not specifically addressed by the Government, the Defense is otherwise permitted to question witnesses regarding the criminal complaint, because it is admissible. The evidence may also demonstrate that the

Government agents adopted the admissions contained within the document. They were aware that the complaint would be presented to the Court in order to obtain criminal charges against Morrow.

The Defense is also otherwise entitled to impeach the deportation agents through the testimony of other witnesses:

> As a general proposition, the testimony of a witness, after a proper foundation has been laid, may be impeached by showing former declarations, statements, or testimony which are contradictory or inconsistent with the answers given at a trial. The purpose of the impeachment is to discredit the witness, not to establish the existence of the fact in dispute.

*Brooks v. United States,* 309 F.2d 580 (10th Cir., 1962). *See also United States v. Johnson,* 2014 WL 3954998 (WDVA, 2014) (J. Groh) ("the [evidentiary items] would not constitute hearsay as they would be introduced for impeachment purposes and not for the truth of the matter asserted") (citing *United States v. Midgette,* 488 F.3d 288, 299 (4th Cir., 2007)).[3]

This, the 5th day of August, 2026.

s/ Rob Heroy
Rob Heroy
Attorney for Morrow
NC Bar: 35339
Goodman Carr, PLLC
301 S. McDowell St., Ste. 602
Charlotte, NC 28204
Rheroy@goodmancarr.net

---

[3] *See also, United States v. Junius,* 739 F.3d 193 (5th Cir., 2013) *Conte v. General Housewares Corp.* 215 F.3d 628 (6th Cir., 2000); *United States v. Bert,* 495 F.3d 733 (7th Cir., 2007); *United States v. Sadler,* 238 F.3d 368 (8th Cir., 2000).

Xavier T. de Janon
Attorney for Morrow
North Carolina Bar #58803
P.O. Box 470221
Charlotte, NC 28247
Tel: (704) 448-9170
Email: xavier@peopleslaw.co

**CERTIFICATE OF SERVICE**

I CERTIFY that I have served the foregoing RESPONSE TO GOVERNMENT'S MOTION TO PRECLUDE EVIDENCE on Opposing Counsel, via ECF using the CM-ECF system, which will send notice of such filing to all registered CM/ECF users.

This, the 5th day of August, 2026.


<u>s/ Rob Heroy</u>
Rob Heroy
