# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Case No: 3:25-mj-00320-MEO-DCK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>     v.<br><br>WILLIAM STANLEY and HEATHER MORROW,<br><br><br>     Defendants. | **DEFENDANT WILLIAM STANLEY'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR SANCTIONS (ECF#69)** |

The Government charged the Defendants with various crimes arising out of a protest that took place on November 16, 2025, at 6130 Tyvola Centre Drive, property that is privately-owned and on which the United States leases a building that houses Immigration and Customs Enforcement ("ICE") personnel, including Removal and Enforcement Agents. On November 19, 2025, just days after charging the Defendants with these various crimes, the F.B.I. discovered that ICE maintained a surveillance camera and had video footage of what had occurred. The F.B.I. requested that ICE contact the contractor to obtain and maintain the footage. USA Resp. at 4-5. It is undisputed that ICE refused "to satisfy this simple request." *Id.* The U.S. Attorney also made similar requests. ICE refused to follow these requests. On May 8, 2026, the United States discovered that the video had not been preserved and was destroyed. *Id.* The United States notified the Defendants of this fact roughly 3 months later, in early July.

In response to a Motion for Sanctions and to Dismiss, the Government has implied that the F.B.I. Agent who viewed the videotape and requested its preservation, only did so because he believed it "could help the government's case" and that he would testify that the videotape was

inculpatory rather than exculpatory. Thus, the Government proposes that its agencies may permit evidence to be destroyed after preservation requests and, having destroyed the evidence, it is then permitted to call a witness to describe the now-destroyed evidence and claim that it showed that the Defendants committed the crimes charged.

No federal court in the country has permitted the party that failed to preserve evidence to provide testimony at trial about what the destroyed evidence would have allegedly shown (let alone testimony that it would have proven the case). To the contrary, the Federal Rules of Evidence prohibit such testimony under Rule 1002, which requires that "[a]n original writing, recording, or photograph is required in order to prove its content." Its admission would also violate Rule 802, prohibiting the admission of hearsay evidence, for such testimony would be nothing more than reciting what was viewed outside the courtroom (turning it into a testimonial statement) and would be offered for its truth. Such testimony would also violate the Defendant's Sixth Amendment right to confront witnesses because the central "witness" - - the videotape - - no longer exists due to ICE's refusal to follow a "simple" request. Indeed, to permit the Government to present such evidence would be to reward its destruction. Allowing the Government to describe a videotape which no one else has seen leaves the Defendants no reasonable way in which the description could be challenged on cross-examination because the Government did not preserve the evidence.[1]

Precisely this issue was addressed in a civil case in *Mackrell v. Butler,* 351 F.R.D. 258 (M.D. Ga. 2026). There, in a Section 1983 lawsuit, a non-party, the Georgia Department of

---

[1] The Government is entitled to explain how its own agency failed to follow what it claims was a "simple" request to rebut the inference of bad faith. But this explanation of the procedures that failed is different than offering testimony concerning what the videotape actually showed. Even then, however, the "veracity of [the Government's] stated reasons for destroying the [evidence] 'is an issue of credibility.'" *Beaven v. U.S. Dep't. of Justice,* 622 F.3d 540, 544 (11th Cir. 2010) quoting *Kronish v. United States,* 150 F.3d 112, 127 (2d Cir. 1998).

2

Corrections, failed to preserve a videotape showing the stabbing of the victim. The Court found that there was spoliation based on the facts that (1) the evidence existed at one point in time (2) the spoliating party had a duty to preserve the evidence, and (3) the evidence was crucial to proof in the case. As a result, the District Court ordered that neither a defendant, nor any other employee of the GDC, "will be allowed to testify about the contents of the video." 351 F.R.D. at 267. It further gave a spoliation instruction permitting the jury to infer that the video contained evidence favorable to the Plaintiff.

Finally, the Government appears to argue that because ICE, and not the F.B.I., refused to follow the request and allowed the destruction of the videotape, this somehow exonerates the United States as a party from the actions of one of its agencies and shows a lack of bad faith. The good faith or bad faith of the F.B.I., however, is not the inquiry. The proper inquiry is the good faith or bad faith of ICE, the custodian of the evidence. And there is no reasonable argument that the United States is not responsible for the actions of ICE. Indeed, there is considerable irony in the Government arguing that it should not be held responsible for the actions of ICE employees even as it prosecutes these Defendants in the name of the United States about confrontations with ICE employees. In short, if ICE employees are, as the Government charges, federal agents for purposes of these alleged crimes, they are federal agents for all purposes, including destruction of evidence.

This ___th day of August, 2026.

*/s/ James P. Cooney III*

James P. Cooney III (NC Bar No. 12140)
Claire J. Rauscher (NC Bar No. 21500)
WOMBLE BOND DICKINSON (US) LLP
301 South College Street, Suite 3500
Charlotte, North Carolina 28202
Telephone: (704) 331-4980
Telephone: (704) 331-4961

3

Email:  Jim.Cooney@wbd-us.com
Email: Claire.Rauscher@wbd-us.com
*Attorneys for Defendant William Stanley*

4