# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Case No: 3:25-mj-00320-MEO-DCK**

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

WILLIAM STANLEY and HEATHER
MORROW,

      Defendants.

**DEFENDANT WILLIAM STANLEY'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO DISMISS COUNTS ONE, TWO AND THREE OF THE BILL OF INFORMATION (ECF#70)**

The Government charged the Defendants with various crimes arising out of a protest that took place on November 16, 2025, at 6130 Tyvola Centre Drive, property that is privately-owned and on which the United States leases a building that houses Immigration and Customs Enforcement ("ICE") personnel, including Removal and Enforcement Agents. The Defendants sought dismissal of the three offenses in the Bill of Information that required entry onto and commission of the acts on federal property. The Defendants sought dismissal on the basis that has a matter of law, the place at which the Defendants' actions occurred was not property owned, leased, or exclusively controlled by the Government. Moreover, the United States' own interpretation of its regulation, published in the Code of Federal Regulations, recognized that the then-existing regulations did not extend to property contiguous to federal property

The Government does not dispute that it does not own this property, and admits that it leases only the building located on the property. There is no dispute that the Defendants remained on the private property of the location's owner and never entered or attempted to enter the building. The Government nonetheless says that regardless of title or its legal interests, what constitutes

"federal property" is a fact question that requires resolution by a Jury.  It claims that "the Supreme Court, in *United States v. Gaudin* [ ] has expressly rejected Defendants' legal argument."  Response at p 1.

Not so.

*Gaudin* does not address the definition of "federal property" or whether a question of "federal property" is a fact for the Jury to find or a matter of law for the Court.  *Gaudin* does not even deal with property at all.  Rather, in *Gaudin*, the Supreme Court dealt with the question of whether "materiality" in the context of the crime of submitting false or fraudulent statements to an agency of the United States (in that case, a HUD/FHA form) was a jury question.[1]  The Court, per Justice Scalia, held that the history of the Sixth Amendment and the statutory crime that made materiality a factual element, meant that whether the false statements were "material" was a jury question.

There is a world of difference between the question of what may or may not be "material," as opposed to whether a piece of land is or is not federal property.  But unlike materiality, which is squarely grounded in a factual assessment of how one thing affected (or did not affect) another at an earlier point in time, whether something is "federal property" is a legal matter.  The Government's argument that a Jury is entitled to declare property as "federal property" regardless of legal title or claim would, taken to its limit, permit the Government to a charge crime on any piece of private property in the United States and be allowed to argue to a Jury that this private property, for purposes of charging federal crimes, is "federal property."  The question of "federal property," unlike materiality, is a threshold jurisdictional requirement.  Neither the GSA nor the

---

[1] Notably, the Government argued at trial in *Gaudin* that "materiality" was a question of law for the Court and sought certiorari from a decision of the Ninth Circuit holding that this was a factual element of the crime that required a determination by the Jury.

2

Government has the regulatory authority to prescribe conduct on property that is not "federal property."  "Federal property," thus both defines where the conduct occurs and provides the necessary threshold jurisdictional nexus to permit the Government to regulate conduct on that property.  Such threshold jurisdictional issues have always been questions of law for the Court. *See, e.g., United States v. Ayesh,* 702 F.3d 162, 165-66 (4th Cir. 2012) ("Whether the district court lacked subject matter jurisdiction is a question of law subject to de novo review.").

This ___ day of August, 2026.

*/s/ James P. Cooney III*
James P. Cooney III (NC Bar No. 12140)
Claire J. Rauscher (NC Bar No. 21500)
WOMBLE BOND DICKINSON (US) LLP
301 South College Street, Suite 3500
Charlotte, North Carolina 28202
Telephone:  (704) 331-4980
Telephone: (704) 331-4961
Email:  Jim.Cooney@wbd-us.com
Email: Claire.Rauscher@wbd-us.com
*Attorneys for Defendant William Stanley*

James P. Cooney III
