# EXHIBIT 3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA**, | : | |
| Plaintiff, | : | Case No.: **3:25-MJ-00320** |
| | : | |
| **V.** | : | |
| | : | |
| **WILLIAM STANLEY**, | : | |
| | : | |
| **HEATHER MORROW**, | : | |
| Defendants. | : | |
| | : | |

## <u>REPLY TO UNITED STATES' RESPONSE TO MOTION TO DISMISS COUNT 4 FOR DUPLICITY & LACK OF SPECIFICITY AND ALTERNATIVE MOTION FOR BILL OF PARTICULARS</u>

As a preliminary matter, Defendant rejects the extensive Factual Background provided by the Government, because it is irrelevant to Defendant's motions. This Court should limit itself to the four corners of the bill of information.

The Government relies on *United States v. Briley* in its argument that its charging document is not duplicitous and does not lack specificity. 770 F.3d 267 (4th Cir. 2014). However, that case supports Defendant's argument, because the Fourth Circuit held that Congress did indeed enumerate the six verbs as alternative offensive conduct through disjunctive language in 18 U.S.C. § 111. *Id*. at 274. Based on the specific act (verb) committed by force, the statute then proscribes a misdemeanor, felony, or serious felony. *Id*. at 273. That is the crux of Defendant's argument: the bill of information is accusing Morrow and Stanley of six actus reus, which can separately constitute an offense. *Briley*

Case 3:25-mj-00320-MEO-DCK    Document 73-3    Filed 08/12/26    Page 2 of 4

stands against the proposition that the six verbs are different matters or means to commit a federal assault, because a "person could use force to resist federal officials, to oppose them, to impede them, to intimidate them, and to interfere with them . . . ." *Id.* at 274.

Moreover, the specific holding in *Briley* is controlling to the jury instruction stage, not in a challenge to a pleading: "[I]t was proper for the district court to instruct the jury that Briley could have committed any of the threshold acts *charged* – not 'assault' only – to be found guilty of a § 111 offense, so long as the other elements of the offense were satisfied." *Id*. at 275 (emphasis added). Here, Defendant is challenging the charge, requesting dismissal due to duplicity. Unlike *Briley*, Defendant is not arguing that the five non-assault verbs cannot constitute criminal conduct, but rather that they all carry different meanings in the disjunctive, so a pleading charging the six should fail.

The Government also cites multiple sister circuits as if they all are in agreement, but the Fourth Circuit was clear in *Briley* that there is a split in how this statute is read and where the Court falls. *Id.* at 274-75. "Some circuits have agreed with us that § 111 prohibits the *six different kinds of enumerated acts* and that, specifically, the misdemeanor provision is not limited to assault. *United States v. Williams*, 602 F.3d 313, 317-18 (5th Cir. 2010)." *Briley,* 770 F.3d at 274 (emphasis added).  In *Williams*, the Fifth Circuit rejected the approach of the Ninth Circuit and favored that of the Sixth Circuit, "as it avoided rendering superfluous the other five forms of conduct proscribed by § 111(a)(1)." 602 F.3d at 317. *Briley* expressly questioned the "varying view" of the Second Circuit, which requires a common law simple assault for the offense, so that circuit's interpretation of the statute should not bind this Court. *Briley*, 770 F.3d at 274.

Finally, the majority of the cases cited by the Government relate to jury instructions like *Briley*, not the propriety of the charging document, which is the issue in front of this Court. The Defense agrees that it is well-settled that "[w]here a statute sets forth disjunctively several *means or ways* by which the offense may be committed, a warrant thereunder correctly charges them conjunctively." *United States v. Vann*, 660 F.3d 771, 774 (4th Cir. 2011) (citations omitted) (emphasis added). As explained above, applying the Fourth Circuit's view of the statute, the six verbs in 18 U.S.C. § 111 constitute six separate enumerated acts, not different means or ways. At this stage, the Government must choose which offense it is prosecuting or face dismissal.

This, the _____ day of August, 2026.

/s/ Xavier Torres de Janon
Xavier T. de Janon
Attorney for Morrow
North Carolina Bar #58803
P.O. Box 470221
Charlotte, North Carolina 28247
Tel: (704) 448-9170
Email: xavier@peopleslaw.co

/s/ Rob Heroy
Rob Heroy
Attorney for Morrow
NC Bar: 35339
Goodman Carr, PLLC
301 S.McDowell St., Ste. 602
Charlotte, NC 28204
Rheroy@goodmancarr.net