# EXHIBIT 4

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>WILLIAM STANLEY and<br>HEATHER MORROW | ) DEFENDANT MORROW'S REPLY<br>) IN SUPPORT OF MOTION FOR<br>) SANCTIONS<br>) |

The Government's response asks this Court to resolve a spoliation motion based on what an AUSA was told by an FBI agent about what an ICE agent told him about surveillance footage that no longer exists. Statements of counsel are not evidence, and the Court cannot resolve the questions on the parties' filings alone.

An evidentiary hearing is required to determine whether the United States, acting through its agents, acted in bad faith when footage was allowed to disappear. It is also required to address the false statements made in support of a sworn criminal complaint used to obtain felony charges.

- **The Court cannot resolve bad faith on attorney representations.**

Without testimony on those questions, under oath and subject to cross-examination, the Court is being asked to resolve a constitutional question about bad faith through an AUSA's thirdhand account of events. It is a request to decide a sanctions motion on statements of counsel rather than evidence.

- **The FBI/ICE distinction is irrelevant—the United States is a single party.**

The Government argues the FBI is "the investigative agency," not ICE, therefore ICE's destruction of the surveillance footage is somehow less meaningful. ICE is a governmental agency that was fully involved with the

case. Their actions are no less significant than those of FBI investigative agents.

- **ICE disobeyed explicit preservation requests from the FBI, Defense Counsel, and the Court—and the government has yet to offer evidence or an explanation.**

Despite those warnings, the footage was erased. The Government represents that "on information and belief" the footage has been erased, and that ICE's conduct "may be considered negligent." These are representations of counsel, not evidence. They also contain multiple levels of hearsay, because they come from an FBI special agent who relayed what an ICE agent told him.

The Government asks this Court to find—on no evidentiary record— that the destruction was accidental rather than intentional. What the record does show is that everyone else involved in the case asked ICE to preserve the evidence, and then it disappeared. The answer must come from a witness, not from the US Attorney's Office.

- <u>The "Comparable Evidence" argument fails because protesters' cell phones did not capture what the surveillance cameras captured.</u>

The told this Court that the ICE surveillance footage showed an overhead view of, at least, the defendants "arriving at and walking around grounds of the ICE/ERO building before they encountered the Deportation Officers." (Doc. 20 at 1.) Protester videos captured the physical confrontation from the angle of a single spectator. The Government cannot unilaterally declare them to be equivalent without testimony at an evidentiary hearing from one of their witnesses who viewed the footage.

- <u>Dismissal of the original Complaint did not cure the sworn misrepresentations—the same officers will testify at trial.</u>

The Government argues that dismissal of the original Criminal Complaint moots the false-statement issue. (Doc. 69 at 9.) It does not. The Government's own brief confirms that "the deportation officers are under subpoena by the Defendants and thus expected to testify at trial." Id. The same officers whose sworn affidavit contained the misrepresentations at issue will take the stand against Ms. Morrow. Dismissing the Complaint did not undo those statements—it avoided judicial scrutiny of them. The Government's decision to refile does not insulate its witnesses from that record.

## CONCLUSION

The Court should order the sanction of dismissal, or order an evidentiary hearing and require ICE to explain itself.

W. Rob Heroy
Goodman Carr, PLLC
301 S. McDowell St., Ste. 602
Charlotte, NC 28204
(704) 372-2770
rheroy@goodmancarr.net
N.C. State Bar No. 35339